### Black Motor Company v. Blair.

(Decided June 14, 1929.)

JOHN C. ADKINS for appellant.

POPE & HUFF for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS
—Reversing.

In an action of deceit growing out of alleged false and fraudulent representations in the sale of a truck, W. C. Blair recovered a judgment of $500 against the Black Motor Company. The company appeals.

Appellant urges that it was entitled to a peremptory instruction, that the verdict is not sustained by the evidence, and that the court erred in the introduction and rejection of evidence; while appellee counters with a motion to strike the transcript from the record, and insists that the answer was defective and plaintiff entitled to a judgment on the pleadings.

Taking up appellee's points in their inverse order, it may be said that the petition is not a work of art and the answer is far from perfect. However, construing both pleadings in the same light, the probable meaning of the allegations of the petition is that in August, 1925, the Black Motor Company sold W. C. Blair a Dodge truck for the sum of $850, that in so doing it falsely and fraudulently represented the truck to be a new truck of the 1925 model, and that plaintiff relied upon such representations and was thereby induced to purchase it at the price named; whereas, in fact and in truth it was not a new truck but a 1917 model, and was of the value of not exceeding $350. Some of the denials of the answer are in the conjunctive, but as a whole they substantially controvert the allegations of the petition and were so treated by the trial court; all of the issues being distinctly submitted to the jury. Hence that matter has no bearing on this appeal.

2.    At the trial term defendant was given until a day certain in the next term to tender and file a bill of exceptions, no mention being made of the transcript of evidence.    At the next term and within the time specified, defendant filed its bill of exceptions, together with a transcript of the evidence which was made a part thereof, all of which was properly approved and certified by an order of court.    It is now urged that inasmuch as the original order did not specifically mention the transcript of evidence, the court erred in permitting it to be filed as a part of the bill of exceptions.    We see no merit in this contention.    The defendant could have set out the evidence in narrative form as a part of the bill of exceptions and no reason is perceived why he might not do the same with the stenographer's transcript.

3.    To determine the right of defendant to a peremptory and the sufficiency of the evidence to support a verdict in plaintiff's favor, it is necessary to refer to the facts.

Plaintiff's evidence shows that in the summer of 1925, the Black Motor Company at Harlan had a truck built on a Dodge passenger car chassis.    W. C. Blair, who lived at Cumberland, had seen a similar pattern and desired this truck.    On the 15th day of August, 1925, at his suggestion, his nephew L. C. Creech called the Black Motor Company over the telephone and procured a price of $850 on it.    He says the company represented it to be a new truck, of the 1925 model, except that it had been run something like two weeks.    Mr. Blair went to Harlan, saw the parties, and purchased the truck at the price named, and was given a bill of sale therefor in which the vehicle is thus described: "The said motor vehicle is a truck; make of vehicle Dodge.    Year made 1925; New Model . . . chassis number A123350; motor number 195472."    The truck did not give satisfaction and entailed much cost in repairs.    Blair wrote the Dodge factory and gave them the serial number, and was informed by the agent having the custody of its records that motor No. 195472 was manufactured in the year 1917.    He thereupon notified the defendant company, which refused to make any adjustment.    Whereupon he ceased using the truck and later brought this action.    On the trial the Dodge clerk (Miller) testified as above indicated.    Plaintiff's truck drivers testified that the machine was properly cared for while in their possesion, but

gave much trouble and was frequently in the shop for repairs. The mechanics who repaired it testified that it was an old motor, or one that had been badly mistreated.

Defendant's evidence is to the effect that it received a Dodge touring car in June, 1924, in a shipment received from the factory. This car was sold and after a few weeks' service was exchanged for another car, and defendant had the passenger body removed and a truck placed upon the chassis; the truck being comparatively new at the time of the sale to Mr. Blair on August 15, 1925.

On cross-examination, Miller, the Dodge representative, testified that Dodge motor numbers are in two series. The first ran from one to one million, at which point a new series began, starting with ''A-1'' and continuing upward, duplicating the former serial numbers, except the latter series has the prefix ''A.'' The Dodge Company has no yearly model, but the year in which a certain number of motor is manufactured is identified by the serial number. Dodge Bros. motor No. 195472 was manufactured in 1917. It was incorporated in a 1917 series touring car, having a chassis serial No. 144576. This car was sold and shipped to the Westerman Company, Dodge dealers at Tulsa, Okla. Motor No. A195472 was manufactured in 1924 and incorporated in a touring car chassis serial No. A123509. This touring car was sold to the Pinnacle Motor Company, of Middlesboro, Ky., Dodge distributors for that section, and at its instance shipped direct to the Black Motor Company at Poor Fork, Ky., approximately June 18, 1924. The agent of the Pinnacle Motor Company testifies that, as appears from the record of that company, it as a distributor ordered from the factory and had shipped direct to the Black Motor Company during the year 1924 a Dodge touring car with chassis No. A123550 and motor No. 195472.

It thus appears that the truck body is comparatively new and no complaint is made of the chassis; also, defendant's evidence is clear that it received a touring car with motor No. A195472 during the year 1924, and it is very satisfactorily shown that this motor number was incorporated in the chassis upon which the truck body was placed and that this is the truck sold Mr. Blair. This is partially corroborated by the evidence of Mr. Blair's mechanic, who testifies that the serial numbers on the

Dodge car were changed about the year 1920; that in the series manufactured in 1917 the magneto was located at the timing gear; and that the motor in question has no timing gear. Plaintiff is not suing on a breach of warranty, and tacitly admits that if the facts thus claimed by defendant are true no deceit was practiced upon him. Also by introducing the factory agent plaintiff vouches for his credibility, and it may be assumed that motor No. 195472 was shipped Westerman Bros. at Tulsa, Okla., in 1917. So for the plaintiff to recover the jury must have believed that this motor had in some way come into the possession of defendant and that it had discarded the A195472 shipped it in July, 1924, and substituted the earlier model therefor. This is almost incomprehensible. The motor in issue is one or the other of the two series. Plaintiff's action is based on the theory that the motor number on this truck is of the earlier series, otherwise he has no ground for an action for deceit. Construed in this light, there is perhaps a scintilla of evidence authorizing a submission of the question to the jury; but it must be admitted that the verdict of the jury is flagrantly against the weight of the evidence, and for this reason the case must be reversed.

4. As indicating the value of second-hand machines, defendant offered to prove the market value of a new Dodge truck at the time of the sale. Perhaps this would throw some light on the value of second-hand trucks, and while not of great importance, such evidence may be introduced on another trial.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.